UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

GARRETT WHITTENBURG,

    Plaintiff,

    v.    CAUSE NO.: 2:25-CV-93-TLS-AZ

JACKSON, et al.,

    Defendants.

## OPINION AND ORDER

Garrett Whittenburg, a prisoner without a lawyer, filed a complaint and a request to proceed in forma pauperis. ECF Nos. 1, 2. However, a prisoner may not bring a civil action in forma pauperis if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision.

Upon review, Whittenburg has incurred three "strikes." Specifically, court records reflect the following:

    (1) *Whittenburg v. Lake County Jail,, et al.*, cause no. 2:23-CV-412-PPS-APR (N.D. Ind. Nov. 27, 2023), complaint dismissed on Dec. 20, 2023, pursuant to 28 U.S.C. § 1915A for failure to state a claim (ECF No. 5);

    (2) *Whittenburg v. Lake County Jail,* cause no. 2:23-CV–433-TLS-APR (N.D. Ind. Dec. 7. 2023), complaint dismissed on Jan. 9, 2024, pursuant to 28 U.S.C. § 1915A for failure to state a claim (ECF No. 4);

    (3) *Whittenburg v. Lake County Jail, et al.*, cause no. 2:23-CV–451-DRL-MGG (N.D. Ind. Dec. 20, 2023), complaint dismissed on Mar. 4, 2024, pursuant to 28 U.S.C. § 1915A for failure to state a claim (ECF No. 8).

An inmate who has struck out "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Although Whittenburg's allegations are disjointed, repetitive, and confusing, it appears as though he is complaining about alleged food tampering, excessive force, and a strip search that occurred in April of 2024 at the Lake County Jail.[1] According to Whittenburg, on April 9, 2024, another inmate insinuated that he had "possibly" done something to Whittenburg's breakfast tray. ECF No. 1 at 5. Officers would not provide him with grievance forms to address the issue. On April 11, 2024, his dinner tray "had throw up on the nacho mix with the meat," so he tossed it in the toilet. *Id*. at 13. On April 12, 2024, Whittenburg claims Stuart Jackson had "a team of officer[s]" swarm his cell and assault him because Whittenburg had allegedly sprayed feces on Officer Jackson. *Id*. at 21. Whittenburg was then placed in a disciplinary restraint chair, and he was interviewed by a mental health specialist. While he was strapped in the chair, several officers made jokes at his expense about the bald spot on his head. At some point, Officer Jackson twisted Whittenburg's thumb and wrist, and a female officer nearby did not help him. Instead, she told him, "[T]hat's what you get when you throw fluids on a[n] officer." *Id*. at 37. That same day, Whittenburg was stripped naked in front of several officers and subsequently

---

[1] The complaint was received by the court and docketed on February 27, 2025. *See generally* ECF No. 1. While he signed the final page of the court's approved from on January 24, 2025 (*id*. at 4), he dates most of the pages in his complaint as of September 8, 2024. The last several pages of the complaint are dated January 2025 and concern Whittenburg's attempts to get his trust fund ledger/paperwork from prison officials.

placed on suicide watch. Whittenburg wanted to press charges against the officers based on these events, but he was told he could not.

Whittenburg's allegations do not plausibly suggest he is facing a genuine emergency or is in imminent danger of serious physical injury. He claims he was mistreated in April 2024, but he does not allege any of those alleged violations are ongoing. *See Ciarpaglini*, 352 F.3d at 330 (the threat complained of must be real and proximate). Therefore, Whittenburg must pay the full filing fee before he may proceed with this lawsuit.

For these reasons, the Court:

(1) DENIES Garrett Whittenburg leave to proceed in forma pauperis [ECF No. 2];

(2) GRANTS Garrett Whittenburg until **June 6, 2025**, to pay the $405 filing fee; and

(3) CAUTIONS Garrett Whittenburg that, if he does not pay the filing fee by the deadline, this case will be dismissed without further notice.

SO ORDERED on May 6, 2025.

                                              s/ Theresa L. Springmann
                                              JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT